402-07/PJG/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AMERICAS BULK TRANSPORT LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Peter J. Gutowski (PG 2200)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AMERICAS BULK TRANSPORT LTD.,

               Plaintiff,

   -against-

VOLCANO SHIPPING S.A.,

               Defendant.
-----------------------------------------------------------------x

07 CIV. ( )

**VERIFIED COMPLAINT**



JUDGE COTE

'07 CIV 7996

RECEIVED SEP 12 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff AMERICAS BULK TRANSPORT LTD. ("ABT"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant VOLCANO SHIPPING S.A. (hereinafter "VOLCANO"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times relevant hereto, ABT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address in Monrovia, Liberia.

3. At all times relevant hereto, VOLCANO was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at C/O Monaco Seatrade SAM, Gildo Pastor Center, 7, Rue du Gabian, 98000 Monaco (MC).

4. On or about July 26, 2007, ABT, as disponent owner of the M/V SCANDA, entered into a maritime contract on a New York Produce Exchange charter party form with VOLCANO, as charterer, for the use and operation of the vessel ("the Charter Party").

5. Pursuant to the terms of the Charter Party, VOLCANO agreed to pay charter hire to ABT at the rate of $68,000 per day.

6. The Charter Party contemplated a one time charter trip and involved the carriage of bulk coal or bulk petcoke from a port in the Mississippi River to a port in Morocco.

7. ABT attempted to tender the vessel to VOLCANO at mile marker 137 on the Mississippi River on or about August 8, 2007. VOLCANO, however, in violation and repudiation of the Charter Party, refused to accept tender of the vessel. In fact, VOLCANO demanded, *inter alia*, a reduction of the charter hire to $50,000 per day to continue performance under the Charter Party.

8. In response, on or about August 10, 2007, ABT advised VOLCANO that it had no option but to treat the Charter Party as having been wrongfully repudiated by VOLCANO. ABT also advised VOLCANO that it expressly reserved all its rights under the Charter Party, including but not limited to the right to demand hire at the full rate of $68,000 per day. ABT, nevertheless, and without prejudice to its right to demand hire as per the Charter Party, was compelled to accept a new agreement on the identical terms as the Charter Party except that payment of hire was reduced to the rate of $50,000 per day as demanded by VOLCANO. The M/V SCANDA was tendered to VOLCANO and the vessel commenced performance under the

command and operation of VOLCANO, pursuant to the August 10, 2007 agreement ("the new Agreement").

9. ABT has met all of its obligations to VOLCANO pursuant to the terms of the Charter Party as well as of the new Agreement.

10. As a result of the repudiation of the Charter Party, VOLCANO is liable to ABT for the $18,000 per-day differential in hire that VOLCANO was required to pay under the Charter Party, which contract VOLCANO unlawfully repudiated. As a result of VOLCANO's wrongful conduct, ABT has sustained damages in the sum of $540,000 (or $18,000 x 30 days). Despite due demand for payment by ABT, VOLCANO, however, in breach of the Charter Party, has refused or has otherwise failed to pay.

11. Pursuant to the terms of the Charter Party, all disputes are subject to London arbitration, with English law to apply. ABT has commenced or will soon commence arbitration proceedings against VOLCANO in London. ABT specifically reserves its right to arbitrate the merits of its dispute with VOLCANO pursuant to the terms of the Charter Party.

12. This action is brought to obtain jurisdiction over VOLCANO and/or to obtain security in favor of ABT in respect to its claim/damages for charter hire against VOLCANO, including but not limited to interest, ABT's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law.

13. After investigation, Defendant VOLCANO cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit

of Defendant or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by ABT against VOLCANO includes:

(a) ABT's claim for damages in lost charter hire sustained by ABT as a result of VOLCANO's repudiation of the Charter Party in the sum of $540,000;

(b) Interest in the amount of $92,696.07, calculated on the above sum at the rate of 8% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(c) Legal fees, arbitrator fees and costs that will be incurred by Plaintiff in respect to the London arbitration which are recoverable pursuant to English law and are estimated by ABT's English solicitors to be in the sum of $200,000.

15. Based upon the foregoing, the total amount ABT seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$832,696.07.**

W H E R E F O R E, Plaintiff AMERICAS BULK TRANSPORT LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant VOLCANO SHIPPING S.A., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $540,000, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$832,696.07** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
September 12, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AMERICAS BULK TRANSPORT LTD.

By: _____
Peter J. Gutowski (PG 2200)
Manuel A. Molina (MM 1017)
80 Pine Street
New York, NY 10005

# ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

Peter J. Gutowski, being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Peter J. Gutowski

Sworn to before me this
12th day of September, 2007

_____
NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010