BLANK ROME, LLP
Attorneys for Plaintiff
VOLCANO SHIPPING S.A.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAS BULK TRANSPORT LTD., <br> Plaintiff, <br> -against- <br> VOLCANO SHIPPING S.A., <br> Defendant. | 07 Civ. 7996 (DLC) <br> **VERIFIED ANSWER AND COUNTERCLAIM** |

Defendant/Counterclaim-Plaintiff Volcano Shipping S.A. ("Volcano"), by its attorneys Blank Rome, LLP, answering the complaint and counterclaiming against the above-named Plaintiff/Counterclaim Defendant, Americas Bulk Transport Ltd. ("ABT"), alleges upon information and belief as follows:

1. Admits the allegations of paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint.

3. Admits the allegations of paragraph 3 to 6 of the Complaint.

4. Answering paragraph 7 of the Complaint, admits that ABT attempted to tender the vessel for delivery on or about August 8, 2007, but denies such tender was proper, denies Volcano "demanded" a reduction of the charter hire to continue performance under the charter party, and denies Volcano was in violation of the charter terms.

5. Answering paragraph 8 of the Complaint, admits that ABT sent Volcano certain communications, which speak for themselves, but deny ABT's communications were legally or factually correct, deny that Volcano "demanded" that hire be reduced, and deny that ABT was "compelled" to accept a new agreement.

6. Deny the allegations of paragraphs 9 and 10 of the Complaint.

7. Admit the allegations of paragraph 11 of the Complaint.

8. Deny the allegations of paragraphs 12 to 15 of the Complaint.

### AS A FIRST AFFIRMATIVE DEFENSE

6. The Court lacks personal jurisdiction over Volcano.

### AS A SECOND AFFIRMATIVE DEFENSE

7. The disputes are subject to arbitration in London, and Volcano reserves its right to arbitrate all claims and counterclaims.

### AS A FIRST COUNTERCLAIM

8. Pursuant to a charter party of the M/V SCANDA dated July 26, 2007, ABT, as Owner, undertook to deliver the ship to Volcano, as Charterer, ready in all respects to perform the contemplated voyage, not later than August 10, 2007, failing which Volcano was entitled to cancel the charter party.

9. Additionally, pursuant to the terms of the said charter party, ABT was required to provide notices of estimated date of delivery 10, 5, 3, 2, and 1 day prior to delivery.

10. In breach of the aforesaid obligations, ABT failed to provide the required notices, but, on August 7, 2007 requested urgent voyage instructions and indicated the ship would be delivered on or about August 8, 2007.

11. In response, Volcano advised ABT that it would accept the notice of August 7, 2007 only as the required 10 day notice.

12. ABT demanded that Volcano accept delivery of the Vessel that night.

13. Volcano responded that it would take delivery at the charter party rate of $68,000/day at the expiry of the 10 day notice period on August 17, or alternatively it offered to take delivery immediately at a rate of $50,000/day.

14. ABT purported to treat Volcano's message as a repudiatory breach and terminated the charter, but accepted Volcano's offer to proceed at the lower charter rate.

15. Upon ABT's tender of delivery of the Vessel, it was ascertained that the ship's holds were not clean and ready to load the intended cargo, in breach of ABT's obligations under the terms of the charter party.

16. By reason of the delay resulting from the holds being unclean at the time of tender of delivery, an alternative cargo and voyage had to be found for the SCANDA, namely bulk petcoke for a voyage from Beaumont and Baytown to Huelva and Tarragona.

17. As a result of the aforesaid change, Volcano sustained damages of $348,034, including additional hire paid to ABT and bunkers consumed due to the increase of 3.85 days steaming time on the substitute voyage, amounting to $247,034, increased port expenses in the sum of $80,000, and overtime of $21,000 paid at Tarragonao.

### AS A SECOND COUNTERCLAIM

18. Pursuant to clause 46 of the charter party, the Vessel was represented to be able to trade with holds 2, 4, and 6 empty and without adversely affecting the ship's trim. As holds 1 and 7 were not clean at the first loading port, Volcano was compelled to instruct that the cargo loaded there be placed in holds 2, 3, 5 and 6 instead of 1, 3, 5, and 7. As a result, cargo could not

be loaded at the second load port. In fact, some 2,120 m.t. of cargo was shut out, on which Volcano would have earned freight of $58/m.t. Consequently, Volcano sustained a loss of $122,960 under this Second Counterclaim, for which it is entitled to judgment against ABT.

### AS A THIRD COUNTERCLAIM

19. The vessel failed to comply with its warranties regarding its speed capability and consumption of marine diesel oil, resulting in a loss of 31.2 hours on the voyage and an over-consumption of 2.44 m.t. of marine diesel oil. By reason of said breach of warranties, Volcano sustained damages in the sum of $66,732.40 under this Third Counterclaim, for which it is entitled to judgment against ABT.

20. Against the total of $537,726.40 under the First, Second and Third Counterclaims, ABT is entitled to a credit of $48,584.60 for under-consumption of intermediate fuel oil and hire commissions for the underperformance period.

21. Volcano's net damages and its principal claim against ABT amount to $489,141.80.

22. London arbitrators routinely award interest, attorneys' fees, and arbitrators' fees.

23. Volcano estimates that interest will be earned in the amount of $83,9667, calculated on the above sum at the rate of 8% per annum, compounded quarterly, for two years.

24. Volcano estimates that recoverable attorney's fees and arbitrators' fees will be incurred in the sum of $200,000.

25. ABT commenced this action to obtain issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and has attached electronic fund transfers said to belong to Volcano.

26. Volcano is entitled to countersecurity, pursuant to Supplemental Rule E(7).

27. The sum of Volcano's claims is **$773,107.80**, for which Volcano requests countersecurity in whole or in part.

28 Volcano reserves the right to arbitrate its claims, pursuant to 9 U.S.C. § 8.

**WHEREFORE**, Defendant/Counterclaim-Plaintiff prays that the Complaint be dismissed, that Plaintiff/Counterclaim-Defendant, ABT, be directed to provide Defendant/Counterclaim-Plaintiff, Volcano, with countersecurity; that the Court enter judgment in Volcano's favor in the amount of **$773,107.80** or, alternatively, reserves jurisdiction to enter judgment on any arbitration award in Defendant/Counterclaim-Plaintiff's favor; and that the Court grant such other and further relief as it deems just.

Dated: New York, NY
October 22, 2007

                              Respectfully submitted,
                              BLANK ROME, LLP
                              Attorneys for Defendant/Counterclaim-Plaintiff
                              VOLCANO SHIPPING S.A.

                              By _____
                                 Jack A. Greenbaum (JG 0039)
                              The Chrysler Building
                              405 Lexington Ave.
                              New York, NY  10174-0208
                              (212) 885-5000

900200.00001/6582753v.1

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Verified Answer and Counterclaim and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Defendant/Counterclaim-Plaintiff, Volcano Shipping S.A., is that Volcano Shipping S.A. is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Volcano Shipping S.A.

_____
Jack A. Greenbaum

Sworn to before me this
22nd day of October 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20___

6

900200.00001/6582753v.1