BLANK ROME, LLP
Attorneys for Plaintiff
VOLCANO SHIPPING S.A.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAS BULK TRANSPORT LTD.,<br><br>          Plaintiff,<br><br>-against-<br><br>VOLCANO SHIPPING S.A.,<br><br>          Defendant. | 07 Civ. 7996 (DLC) |

## DEFENDANT/COUNTERCLAIMANT'S MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR SECURITY ON COUNTERCLAIM

### FACTS

The pertinent facts are set out in the Declaration of Defendant/Counterclaimant's attorney, Jack A. Greenbaum, to which the Complaint and Answer are annexed.

This admiralty action was commenced by the Plaintiff, Americas Bulk Transport Ltd. ("ABT"), to obtain process of maritime attachment and garnishment ("PMAG") under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. ABT obtained an order for the issuance of PMAGs against the assets of Defendant/Counterclaimant, Volcano Shipping S.A. ("Volcano") in the amount of $832,696.07, including estimated future interest, attorneys' fees, and arbitrators' fees. So far, $336,508.46 has been restrained.

ABT's claim arises out of a charter party of the M/V SCANDA in which ABT was the ship owner and Volcano was the charterer. ABT asserts that Volcano wrongfully rejected tender of delivery of the Vessel and "demanded" a reduction of the daily rate of charter hire, to which ABT allegedly agreed in mitigation of its damages. In fact, as shown in Volcano's Answer and Counterclaim, ABT's tender of delivery was improper because it had not given the required ten days prior notice. Volcano offered to accept the ship at the hire rate in the charter party at the expiration of the ten day period, or else to accept delivery sooner at a reduced rate of hire, subject, of course, to the ship being in fact ready to load cargo. It was thereafter ascertained that the ship's holds were not clean and ready for delivery. Consequently, Volcano has counterclaims against ABT in the amount of $773,107.80 arising out of the same transaction, including interest at the same rate and period as in ABT's complaint and the same estimates for lawyer's fees and arbitrators' fees.

The matter is now before the Court on Volcano's motion that ABT be ordered to provide security in the sum of $336,508.46, and additional security matching dollar for dollar any additional restraints on Volcano's funds pursuant to ABT's PMAGs. Additionally, Volcano requests that the Court's order specify that if ABT fails to provide the required security within ten days after the date of the Court's order, and any additional security within ten days after ABT or its attorneys are apprised of any additional restraints of Volcano's funds, then ABT's order for the issuance of PMAGs shall be vacated, all restrained funds released, and the action dismissed.

## POINT I

### DEFENDANT IS ENTITLED TO SECURITY FOR ITS COUNTERCLAIMS

Supplemental Rule E(7)(a) of the Federal Rules of Civil Procedure provides:

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim, unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

It is axiomatic that claims and counterclaims between vessel owners and charterers arising out of a vessel charter are considered "arising out of the same transaction" for purposes of Supplemental Rule E(7). Verton Navigation, Inc. v. Caribica Shipping Ltd., no. 90 Civ. 6940; 1991 U. S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991); Transportes Caribe, S.A. v. M/V Feder Trader, 860 F.2d 637 (5th Cir. 1988) The claims and counterclaims of the present dispute all arise from the charter entered into between ABT and Volcano

ABT has obtained security to the extent of $336,508.46 restrained pursuant to its PMAGs. Accordingly, ABT, for whose benefit Volcano's assets have been attached as security, must give security in at least the same amount. Failing such, the goal of Supplemental Rule E(7), to place the parties on equal footing as regards security and thereby afford reciprocal protection, will not be realized. Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc., 56 F 3d. 394 (2d Cir. 1995); Dongbu Express Co., Ltd. v. Navios Corporation, 944 F. Supp. 235 (S.D.N.Y. 1996); Verton, supra; Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400 (5th Cir. 1987);

Expert Diesel, Inc. v. Yacht Fishin Fool, 627 F.Supp. 432 (S.D.Fla. 1986); Eastern Transp. Co. v. U.S., 98 F.Supp. 36 (S.D.N.Y. 1951).[1]

The same relief requested herein was granted in Finecom Shipping Ltd. v. Multi Trade Enterprises AG, 05 Civ. 6695 (GEL), 2005 U.S.Dist. LEXIS 25761 (S.D.N.Y. Oct. 24, 2005), where Judge Lynch wrote:

> . . . given that the Court has no way to determine whether either party's claim is stronger than the other's, the goal of placing the parties in a position of equality seems best served by ordering plaintiff to provide security in the same amount, $30,000, as the plaintiff has succeeded in attaching defendant's assets, and to provide additional security matching any additional property plaintiff is able to restrain in the future, up to a maximum of $917,854.20, the amount of defendant's counterclaim. If plaintiff fails to provide such security within ten business days of the date of this Order, the attachment previously ordered at the plaintiff's behest will be vacated.

## POINT II

### DEFENDANT'S ATTACHED FUNDS SHOULD BE RELEASED IF ABT DOES NOT PROVIDE SECURITY

Rule E(7)(a) provides that the Plaintiff's claim must be stayed until countersecurity is given, unless the Court orders otherwise. However, in the present case, the action is to be stayed in any event pending arbitration in London. Therefore, merely staying the proceedings would not be a remedy if ABT fails to provide countersecurity.

It is firmly established that the purpose of Rule E(7) is to place the parties on an equal footing. See Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39 (1924). Clearly, when one party posts security and the other fails to comply with a court order to do the same, that policy is violated.

---

[1] Some Courts have held that the amount of countersecurity need not be limited to the amount of security obtained on the plaintiff's claim. Spriggs v. Hoffstot, 240 F.2d 76 (4th Cir. 1957); Verton, supra.

This Court has not been reticent to exercise its authority to vacate a plaintiff's attachment if the plaintiff fails to comply with an order requiring it to provide security for a defendant's counterclaim. See Verton Navigation, Inc. v. Caribica Shipping Ltd., no. 90 Civ. 6940 (JFK), 1992 U. S. District LEXIS 517 (S.D.N.Y. January 21, 1992)

In Seaboard & Caribbean Transport Corp. v. Hafen-Dampfschiffahrt A.G. Hapag-Hadac Seebaderdienst, 329 F.2d 538 (5th Cir. 1964), a shipowner posted security in order to release its vessel which had been arrested by charterer. The owner thereafter sought counter-security. The Fifth Circuit held that it was within the trial court's broad discretion to release owner's security since charterer was financially unable to post counter-security.

In Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400 (5th Cir. 1987), the Fifth Circuit again released security when a party claiming financial inability failed to post counter-security. According to the Court:

> [T]he exercise of the trial court's discretion to order counter-security is to be guarded by the essential and equitable purposes of the Rule. In doing so, the Court must weigh the importance of the security interests giving rise to the initial seizure, against the potential injustice of requiring the defendant-counterclaimant to post security without affording reciprocal protection . We believe the guidon for this analysis is the Court's obligation to preserve the integrity of maritime liens . . . We can readily contemplate instances when permitting one party to enjoy security without requiring counter-security could result in injustice. For example, <u>when no maritime lien or statutory right is involved, as in an action commenced quasi in rem under Rule B, there usually would be little or no reason to permit a complainant to enjoy unilateral security rights, absent strong justification -- or in the terms of Rule E(7), "cause shown."</u> (Underscoring added.)

808 F.2d 404-405.

In the present case, the security obtained from Volcano should also be released if ABT fails to provide security, and ABT should be made aware of that in the Court's order on the instant motion.

5

## CONCLUSION

## ABT SHOULD BE ORDERED TO PROVIDE SECURITY FOR VOLCANO'S COUNTERCLAIMS, AND, ABT FAIL TO COMPLY, ITS ATTACHMENTS SHOULD BE VACATED

Dated: New York, NY
      October 28, 2007

                                      Respectfully submitted,
                                      BLANK ROME, LLP
                                      Attorneys for Defendant/Counterclaim-Plaintiff
                                      VOLCANO SHIPPING S.A.

                                      By _____
                                            Jack A. Greenbaum (JG 0039)
                                      The Chrysler Building
                                      405 Lexington Ave.
                                      New York, NY 10174-0208
                                      (212) 885-5000

900200.00001/6584488v.1