BLANK ROME, LLP
Attorneys for Plaintiff
VOLCANO SHIPPING S.A.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAS BULK TRANSPORT LTD., <br> Plaintiff, <br> -against- <br> VOLCANO SHIPPING S.A., <br> Defendant. | 07 Civ. 7996 (DLC) <br> **DECLARATION** |

JACK A. GREENBAUM deposes and says:

1. I am a member of the Bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Defendant/Counterclaimant Volcano Shipping S.A. ("Volcano"). This Declaration is submitted in support of Volcano's motion for an order directing the Plaintiff, Americas Bulk Transport Ltd. ("ABT"), to provide a bond as security for Volcano's counterclaim in the same amount as Volcano's funds restrained by ABT, and ordering that if ABT fails to comply within ten days of such order, then the attachment of Volcano's funds shall be vacated and the funds released. Additionally, Volcano asks the Court to direct ABT to provide countersecurity for each additional dollar of Volcano's funds that may hereafter be attached by ABT, up to the amount of Volcano's counterclaim.

2. This action was commenced by ABT to obtain Process of Maritime Attachment and Garnishment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. On the basis of little more than the Verified Complaint, ABT obtained an order for the issuance of Process of Maritime Attachment and Garnishment in the sum of $832,696.07, including estimated future interest, attorneys' fees, and arbitrators' fees. I have been informed that $336,508.46 has actually been restrained to date.

3. ABT's claim arose out of a charter party of the M/VSCANDA, in which ABT was the ship owner and Volcano was the charterer. A copy of the Verified Complaint is annexed as Ex. A.

4. Volcano asserts a counterclaim arising under the same charter party in the sum of $773,107.80, including interest at the same rate and duration as that claimed by ABT, and the same amount of attorneys' and arbitrators' fees. A copy of the Verified Answer and Counterclaim is annexed as Ex. B.

5. The parties agree the merits of the claim are subject to arbitration in London and have reserved their right to arbitrate the claim. The Federal Arbitration Act reserves to maritime claimants their traditional remedies, such as maritime attachment. 9 USC § 8.

6. On October 22, 2007, I requested of ABT's attorneys that they voluntarily provide security in the sum of $336,508.46, but I have not received a substantive reply.

7. On October 5, 2007, Volcano's London solicitor asked ABT's London solicitor if ABT would voluntarily provide security in the sum of $335,508.46, but received no substantive reply.

Error! Unknown document property name.
900200.00001/6584504v.1

2

8. Volcano requests that an order be entered requiring ABT to provide a bond or other satisfactory security in the amount of $336,508.46, and to provide additional security matching any additional restraints of Volcano's funds on a dollar for dollar basis and within ten days of being apprised of such a restraint. In either case, Volcano requests that the order provide that if ABT fails to provide the initial security within ten days of the Court's order, and any additional security within ten days of being apprised of additional restraints on Volcano's funds, the order for the issuance of process of maritime attachment shall be vacated, all restrained funds shall be released, and this action shall be dismissed.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, N. Y. this 28th day of October 2007.

Jack A. Greenbaum (JG-0039)

Error! Unknown document property name.
900200.00001/6584504v.1

3