402-07/PJG/MAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMERICAS BULK TRANSPORT LTD.,                    07 CIV 7996 (DLC)

                    Plaintiff,

    -against-

VOLCANO SHIPPING S.A.,

                    Defendant.
------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE AND IN OPPOSITION TO DEFENDANT'S MOTION SEEKING COUNTER-SECURITY

                                        FREEHILL HOGAN & MAHAR, LLP
                                        Attorneys for Plaintiff
                                        AMERICAS BULK TRANSPORT LTD.
                                        80 Pine Street
                                        New York, NY 10005
                                        Telephone: (212) 425-1900
                                        Facsimile: (212) 425-1901

Of Counsel
Peter J. Gutowski (PG 2200)
Lawrence J. Kahn (LK 5215)

NYDOCS1/295553.1

**PRELIMINARY STATEMENT**

Plaintiff AMERICAS BULK TRANSPORT LTD. ("ABT") respectfully submits this Memorandum of Law in opposition to the motion for counter-security submitted by Defendant VOLCANO SHIPPING S.A. ("Volcano").

Volcano's motion requests that the Court grant Volcano a dollar-for-dollar equivalent to the security obtained thus far by ABT, and asks further that the Court require that for each additional sum ABT successfully restrains to Volcano, Volcano receive the equivalent in counter-security (which would, of necessity, require that the Court monitor the security / counter-security issue continuously for the foreseeable future). It is respectfully submitted that since both parties are now fully before the Court, and as both sides concede the Court's equitable power to fashion relief which is both fair and appropriate in the circumstances of competing requests for security, the Court should simply direct both sides to post full security and then, pursuant to 9 U.S.C. §3, stay the matter pending resolution of the London arbitration. The request found in Volcano's application is wasteful of both clients' funds and of valuable judicial resources.

**BACKGROUND FACTS**

The facts giving rise to the dispute between the parties are set forth in the Verified Complaint and are not relevant to this motion. For general background, though, the underlying facts are as follows.

ABT, as disponent owner of the M/V SCANDA, entered into a maritime contract of charter party with Volcano, as charterer, for the vessel. The charter required Volcano to pay hire to ABT at the rate of $68,000 per day and contemplated a one time charter trip involving the carriage of bulk coal or bulk petcoke from a port in the Mississippi River to

a port in Morocco. ABT tendered the vessel to Volcano, who refused to accept the ship and demanded a reduction of the charter hire rate to $50,000 per day. ABT advised Volcano that it considered Volcano to have wrongfully repudiated the charter, and without prejudice to its right to seek damages under the original charter, tendered the vessel to Volcano at the reduced rate of $50,000 per day. ABT now seeks the $18,000 per-day difference over the period of the charter (which is now complete). ABT claims damages of $540,000 ($18,000 per day for 30 days), plus recoverable interest, costs and fees which Volcano refuses to pay. The arbitration in London has been commenced.

ABT commenced this action pursuant to Rule B in order to obtain security for its claim against Volcano in the amount of $832,696.07. This Court found that the requirements for Rule B were met and authorized attachment in the full amount of Plaintiff's claim. Plaintiff thereafter served the writ issued by the Clerk on garnishee banks within the District and has successfully restrained approximately $336,508.46, representing approximately 40% of the amount authorized by the Court to be restrained.

Defendant has appeared, answered, and filed a counterclaim which seeks $773,107.80 in damages from Plaintiff. Defendant's counterclaim alleges that these damages are due because the vessel was tendered without first giving 10 days notice and also because, allegedly, the vessel was not ready to load cargo at the time it was tendered.

The parties each deny liability for the other's claims. The merits of the parties' disputes are to be resolved in London arbitration pursuant to the terms of the charter party agreement between the parties, or pursuant to a settlement agreement that the parties have been discussing but which has not yet come to fruition.

## ARGUMENT

## THE RESOURCES OF THE COURT AND THE PARTIES SHOULD NOT BE WASTED AND THE COURT SHOULD ORDER EACH SIDE TO POST FULL SECURITY

Rule E(7)(a) provides that counter-security must be given to a defendant for counterclaims arising out of the same transaction or occurrence as the original claim when the defendant has given security to the plaintiff, unless, in the court's discretion, counter-security should not be given. The parties are in complete agreement, as they must be, in this regard. It is important to note that the Court's discretion extends not only to the question of whether or not to grant counter-security at all, but also to the quantum. Clipper Shipping Lines Ltd. v. Global Transporte Oceanico, 2007 U.S. Dist. LEXIS 18827, *3-4 (S.D.N.Y. Feb. 26, 2007) (Leisure, J.).

It is well-established that the purpose of Rule E(7) is to place the parties "on an equality" as concerns security. Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987); Result Shipping Co. Ltd. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 399-400 (2d Cir. 1995); Daeshin Shipping Co. Ltd. v. Meridian Bulk Carriers, Ltd., 2005 U.S. Dist. LEXIS 22409, *9-10 (S.D.N.Y. Oct. 3, 2005) (Buchwald, J.). Here, too, the parties agree.

Defendant Volcano, however, has argued to this Court that it should receive, dollar-for-dollar, counter-security for the amount of security ABT has obtained. While in one sense this might appear to be roughly equitable,[1] it is in fact wasteful. Both sides have placed themselves before this Court, and both sides have requested that this Court grant security from the other side for the full amount of their respective claims.

---

[1] We note that ABT's claim against Volcano is some $60,000 larger, so a dollar-for-dollar exchange of security for counter-security favors Volcano and places Volcano at an advantage.

NYDOCS1/295553.1                                    3

Volcano's suggestion that security for each side be left at roughly $336,000 apiece, though, subject to periodic increases if ABT is successful in restraining any other property of Volcano's, unnecessarily prolongs this litigation and wastes the resources of both clients as well as those of the Court, which would be required to monitor this matter and resolve disputes that may yet arise concerning future restraints.

It is respectfully submitted that under the particular circumstances of this case, where each side is subject to the Court's jurisdiction, and where each side has, in effect, requested the relief which will be the ultimate outcome of the proposal put forward by the defendants (full security), it would be more appropriate for the Court to direct both parties to post full security now for one another's claims (*i.e.*, Volcano would post an additional $496,187.61 and ABT would post the full $773,107.80 sought by Volcano). Such security could be in the form of cash or in any other form that might be acceptable to the other side. If each side provides the other with full security as proposed by ABT, then there should not be any disputes as to the attachment of funds (present or in the future), there will be no periodic business interruptions caused by the restraint of funds, the parties will not be placed in a position where they will need to try to investigate how, where and when each will be making payments so as to be able to successfully attach one another's assets, etc., and the Court will not be inconvenienced with the disputes that would almost inevitably arise. Indeed, once both parties are fully secured, the Court could stay this action and place it on its suspense docket pending a resulting arbitral award or other settlement, in keeping with 9 U.S.C. §3.

This Court has wide discretion to fashion such a remedy. The Second Circuit has held that

> The inherent power to adapt an admiralty rule to the equities of a particular situation is entrusted to the sound discretion of the district judge sitting as an admiralty judge.

Greenwich Marine Inc. v. S.S. ALEXANDRA, 339 F.2d 901, 905 (2d Cir. 1965). *See also* Sierra Rutile Ltd. v. Bomar Resources Inc., 1990 U.S. Dist. LEXIS 1811, *10 (S.D.N.Y. Feb. 22, 1990) (Keenan, J.), *citing* Commodity Futures Trading Comm. v. British American Commodity Options Corp., 788 F.2d 92, 94 (2d Cir.), *cert. denied*, 479 U.S. 853 (1986).

ABT has already proposed this solution to Volcano, but Volcano has rejected it. This would seem a bit disingenuous in view of Volcano's application here (*i.e.* that the action continue, further funds be captured, and as that occurs, ABT top up Volcano's counter-security). Having sought relief designed to produce, in the end, full security for both sides, the parties should simply be directed to cut to the chase, and do so now. Valuable judicial resources would be conserved without prejudicing either side.

## CONCLUSION

For the foregoing reasons, Plaintiff ABT respectfully submits that Defendant Volcano's application be denied and that instead both parties should be required to provide full security to one another based upon the parties' requests for security and counter-security for their respective claims and counterclaims as set forth in their pleadings and that the matter should thereafter be stayed pursuant to 9 U.S.C. §3 pending the issuance of an enforceable arbitral award in London (or other settlement) and be placed on the Court's suspense docket, failing which Volcano's application should be deemed disingenuous and denied.

Dated: New York, New York
December 13, 2007

Respectfully submitted,

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
Americas Bulk Transport Ltd.

By: _____
Peter J. Gutowski (PG 2200)
Lawrence J. Kahn (LK 5215)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

To: Jack A. Greenbaum, Esq.
Blank Rome LLP
Attorneys for Defendant
Volcano Shipping S.A.
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208