BLANK ROME, LLP
Attorneys for Plaintiff
VOLCANO SHIPPING S.A.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAS BULK TRANSPORT LTD., <br><br> Plaintiff, <br><br> -against- <br><br> VOLCANO SHIPPING S.A., <br><br> Defendant. | 07 Civ. 7996 (DLC) |

### DEFENDANT/COUNTERCLAIMANT'S REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR SECURITY ON COUNTERCLAIM

This memorandum is submitted on behalf of Defendant, Volcano Shipping S.A. ("Volcano"), in reply to the memorandum submitted by Plaintiff, Americas Bulk Transport Ltd. ("ABT"), in response to Volcano's motion for countersecurity in this maritime attachment action.

ABT's memorandum has submitted no argument or authorities against granting countersecurity up to the amount of Volcano's assets that have been attached by ABT. Therefore, there is no reason to deny Volcano's request for counter security for the first $336,508.46, *i.e.* the amount of Volcano's assets so far attached by ABT.

As to Volcano's request that the Court order ABT to match dollar for dollar any future restraints it may obtain of Volcano's property, ABT's only argument is that this would require ongoing monitoring by the Court. This, of course, is made up from thin air. If ABT disobeys

this Court's order, then Volcano will have to make a motion for appropriate relief, for instance precluding ABT from any future restraints. There will be no reason for more than one motion, and the "burden" on the Court will be no greater than it would be if ABT fails to post security for the first $336,508.46.

ABT's request that the Court order both parties to provide full security is a nonstarter, as the Court lacks authority to do so in the absence of a statute providing such authority. See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (19991).

Grupo Mexicano involved an action for money damages, in which the District Court preliminarily enjoined the defendant from transferring certain assets because of the prospect that the defendant would become insolvent. The Supreme Court held that the Court lacked authority to issue such provisional relief, and rejected an argument based on "'the grand aims of equity,'" and "a general power to grant relief whenever legal remedies are not 'practical and efficient,' unless there is a statute to the contrary." 528 U.S. at 321. This is precisely the argument ABT makes in support of its request for a mandatory injunction that Volcano be directed to provide full security for ABT's claim. Equity does not encompass such authority.

The Court's authority with respect to security in maritime cases derives from the express language of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule B provides that a plaintiff may attach a defendant's assets if the grounds exist, not that a Court may direct a defendant to provide security because it seems fair to the plaintiff.

Additionally, the Court has only *quasi in rem* jurisdiction over Volcano up to the amount attached. Volcano reserved its defense of lack of personal jurisdiction, which ABT cannot refute because that was the very basis on which ABT obtained Process of Maritime Attachment and

Garnishment under Supplemental Rule B. Therefore, it is respectfully submitted, the Court lacks jurisdiction over Volcano beyond the amount already attached.

ABT, on the other hand, has submitted itself fully to the Court's jurisdiction, and the Court is empowered by Supplemental Rule E(7) to require ABT to provide countersecurity. As ABT's brief says, the amount of countersecurity is within the Court's discretion, and need not be limited to the amount of Volcano's funds that were attached. Therefore, there is no reason the Court may not direct ABT to provide additional security matching any future restraints. Issuing such an order now would obviate the necessity of future motions for counter security each time more of Volcano's funds are attached.

## CONCLUSION

**ABT SHOULD BE ORDERED TO PROVIDE SECURITY FOR VOLCANO'S COUNTERCLAIMS, AND, SHOULD ABT FAIL TO COMPLY, ITS ATTACHMENTS SHOULD BE VACATED**

Dated: New York, NY
December 19, 2007

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Defendant/Counterclaim-Plaintiff
VOLCANO SHIPPING S.A.

By _____
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

900200.00001/6599144v.1