```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
AMERICAS BULK TRANSPORT LTD.,           :
                        Plaintiff,      :
                                        :       07 Civ. 7996 (DLC)
            -v-                         :
                                        :       MEMORANDUM OPINION
VOLCANO SHIPPING S.A.,                  :         AND ORDER
                        Defendant.      :
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/08

DENISE COTE, District Judge:

Plaintiff Americas Bulk Transport Ltd. ("ABT") filed this admiralty action on September 12, 2007, to obtain a Maritime Attachment under Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure. On September 13, 2007, such an attachment was authorized by the Court in the amount of $832,696.07, the full amount requested by the plaintiff. According to the submissions of the parties, plaintiff has now successfully restrained approximately $336,508.46 of Volcano's assets.

Defendant Volcano Shipping S.A. ("Volcano") filed an answer containing a counterclaim on October 22, 2007, seeking $773,107.80 in damages from plaintiff. The counterclaim arises out of the same charter party that is the subject of plaintiff's claims. Volcano now moves for countersecurity pursuant to Supplemental Rule E(7) in the amount of $336,508.46, to be

supplemented if and when plaintiffs are able to restrain additional funds belonging to the plaintiff.

    Rule E(7) provides:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise.

As the Court of Appeals has stated, "the trial court possesses broad discretion in deciding whether to order countersecurity." Result Shipping Co. v. Ferruzi Trading USA Inc., 56 F.3d 394, 399 (2d Cir. 1995). The "two principles" that should guide the exercise of this discretion are (1) the purpose of Rule E(7), which is "to place the parties on an equality as regards security," and (2) the countervailing need not to "impose burdensome costs on a plaintiff that might prevent it from bringing suit." Id. at 399-400 (citation omitted).[1]

    In its responsive papers, plaintiff states that it is willing to post security in the amount of $773,107.80 -- the amount sought by defendants in their counterclaim -- but maintains that it would be "fair and appropriate" to direct Volcano to post a security of $496,187.61 -- the amount subject

---

[1] It should also be noted that plaintiff does not assert that defendant's counterclaim is frivolous. Result Shipping Co., 56 F.3d at 399.

2

to the September 13, 2007, attachment that has not yet been restrained.

Having considered the submissions of the parties, the purposes of Rule E(7), and all relevant circumstances, the procedure requested by the defendant is the appropriate approach in this case. See <u>Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A.</u>, No. 06 Civ. 15299, 2007 WL 646329, at *2 (S.D.N.Y. Feb. 26, 2007); <u>Finecom Shipping Ltd v. Multi Trade Enterprises AG</u>, 05 Civ. 6695, 2005 WL 2838611, at *2 (S.D.N.Y. Oct. 24, 2005). Accordingly, it is hereby

ORDERED that defendant's request for countersecurity in the amount of $336,508.46 -- to be supplemented if and when plaintiff restrains additional funds belonging to the plaintiff, up to a maximum of $773,107.80 -- is granted.

IT IS FURTHER ORDERED that if plaintiff fails to provide such security within ten business days of this Order, the September 13, 2007, attachment issued in this matter will be vacated.

SO ORDERED:

Dated:   New York, New York
         January 18, 2008

_____
DENISE COTE
United States District Judge